

10/16/2008

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PERRY HOLLINGSWORTH, | § | Case No. 07-40529 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| MICHELLE CHOW, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 07-4105 |
| | § | |
| PERRY HOLLINGSWORTH, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**<u>DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT</u>**

Michelle H. Chow, the Chapter 7 trustee, initiated this action against the Debtor, Perry Hollingsworth, in which she seeks a judgment denying the Debtor a discharge in bankruptcy. This matter is before the Court on the Chapter 7 trustee's motion seeking a summary judgment that the Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(4) based on an alleged misrepresentation by the Debtor in his bankruptcy schedules. The Debtor has not responded to the Chapter 7 trustee's motion. The Court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(J).

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it

believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence--using any of the materials specified in Rule 56(c)--that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331; *Grogan v. Garner*, 498 U.S. 279, 286 (1991). "If a moving party fails to carry its initial burden of production, the non-moving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion." *Hunter v. Caliber System, Inc.*, 220 F.3d 702, 726 (6th Cir. 2000) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102-03 (9th Cir. 2000)).

Significantly, in this case, the Debtor's failure to respond to the Chapter 7 trustee's motion does not permit the court to enter a "default" summary judgment. "[B]ecause the movant bears the initial burden of demonstrating the absence of genuine issues of material fact, the opposing party's failure to respond cannot alone support a summary judgment." *John v. Louisiana,* 828 F.2d 1129, 1130 (5th Cir. 1987) (footnote omitted). The Court may, however, accept the Chapter 7 trustee's summary judgment evidence as undisputed. *John v. Louisiana,* 828 F.2d 1129, 1130 (5th Cir. 1987) *Eversley v. MBank Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Tutton v. Garland Indep. Sch. Dist.,* 733 F.Supp. 1113, 1117 (N.D. Tex. 1990). Moreover, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda,* 945 F.Supp.

2

999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.,* 929 F.2d 160, 165 (5th Cir. 1991)).

The Chapter 7 trustee seeks to satisfy her burden by attaching one page of what purports to be a transcript of an examination of the Debtor conducted on March 5, 2008, pursuant to Bankruptcy Rule 2004, among other things, to her motion for summary judgment. She alleges in her motion that the transcript establishes that the Debtor falsely stated in his bankruptcy schedules that a particular bank account had a balance of $75 when, in fact, that account had a balance of approximately $22,642. However, the Chapter 7 trustee failed to authenticate the Bankruptcy Rule 2004 examination excerpt for summary judgment purposes. *See Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002). The requirement of Federal Rule 56(e) that affidavit testimony be competent and admissible evidence applies with equal force to deposition testimony. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Liberty Leasing Co. v. Hillsum Sales Corp.,* 380 F.2d 1013 (5th Cir. 1967). Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed by the Chapter 7 trustee shall be, and it is hereby, **DENIED** without prejudice to re-filing.

Signed on 10/16/2008

/s/ Brenda T. Rhoades    SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

3